```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA


HAI T. DUONG                              CIVIL ACTION

VERSUS                                    NO: 06-6719

ALLSTATE INSURANCE COMPANY,               SECTION: "J" (5)
ET AL.
```

### ORDER AND REASONS

Before the Court is Defendant's Motion for Judgement on the Pleadings. (Rec. Doc. 18). For the reasons stated below, Defendant's motion is **GRANTED**.

### BACKGROUND

In this case, arising out of Hurricane Katrina, plaintiff bought immovable property located at 200 West Green Brier Place in New Orleans in November of 2003, subject to a mortgage in favor of Countrywide Home Loans, Inc. Plaintiff alleges that Countrywide performed a flood survey on the property, and advised the plaintiff that he was not in a flood zone and therefore did not need flood insurance. Nevertheless, plaintiff acquired flood

1

insurance through Allstate.  Plaintiff alleges that he renewed the policy to be in effect through November 24, 2005.

Plaintiff's home was flooded by Hurricane Katrina on August 29, 2005.  Plaintiff submitted his claim to Allstate on October 2, 2005 and an adjuster came to view the property on October 28, 2005.  Allstate denied the claim on January 24, 2006 stating that Plaintiff's flood policy was not in effect at the time of the storm.

Plaintiff filed this lawsuit against Countrywide Homes, Allstate Insurance Company, and Lopez & Lopez Insurance Agency for damages relating to the flood that followed the Hurricane.  This motion concerns Countrywide's motion for judgment on the pleadings for the actions against it.

## DISCUSSION

**A. The Claims**

In Paragraph 29 of the Plaintiff's Petition, he asserts the following claims against Countrywide.

   1.  Negligently performing a Flood Zone Determination
   2.  Failure to provide plaintiff with proper
       information regarding the flood zone of the Property

3. Failure to require and ensure that the Property was fully covered by flood insurance during the existence of its mortgage

4. Failure to escrow for and pay premiums for flood insurance policy during the term of its mortgage

5. Failure to request and ensure that Allstate provided it and Plaintiff with proper notice that the Policy had lapsed

6. Failure to cause the Policy to be reinstated once it had lapsed

7. Failure to provide notice to Plaintiff that Policy had lapsed and of his right to reinstate the same.

8. Failure to deal fairly with Plaintiff.

The Plaintiff agrees that claims 3-8 are foreclosed by this Court's decisions in *Whitfield v. Countrywide Home Loans, Inc.*, No. 06-4166, 2007 WL 1200829 (E.D. La. Apr. 23, 2007)(Barbier, J.) and *Shamrock Associated Industries, LLC v. Fidelity National Property and Casualty Insurance Co.*, No. 06-4093 (E.D. La. Nov. 2, 2006)(Lemmon, J.). Therefore plaintiff is asserting only that he has a cause of action against Countrywide for negligently performing a flood zone determination and failing to advise the

Plaintiff that his property was in fact located in a flood zone. Neither of these claims was at issue in *Whitfield*.

**B. Legal Standard**

The standard for dismissal for a Rule 12(c) motion for judgment on the pleadings is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. *Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988). A Rule 12(b)(6) motion should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. Rule 12(b)(6) motions are disfavored and rarely granted. *Id.* (*quoting Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981)).

**C. Analysis**

While the Plaintiff claims that his complaint arises out of Louisiana state law, Defendant maintains that the National Flood Insurance Act ("NIFA") preempts state law in this area.

At the outset, it must be noted that the NFIA requires a mortgage lender to perform a flood zone determination when it

makes, or extends a loan.  *See* 42 U.S.C. § 4012a (2006); 12 C.F.R. § 333.9 (2006); *Lukosus v. First Tenn. Bank Nat'l Ass'n*, No. 02-84, 2003 WL 21658263 (W.D. Va. 2003).  No federal cause of action exists against a home lender for failure to make a proper flood zone determination.  *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 154 (5th Cir. 1981).  However, the *Till* court also held that the lack of a federal cause of action does not per se eliminate the possibility of a state law cause of action against the lender.  *Id.* at 161.  The *Till* court remanded the case to the district court with instructions that the case be remanded to the state court for a determination of the state law claims.  *Id.*  It is worth noting that in *Till*, the original petition was filed in state court and removed on federal question grounds.  After concluding that the NFIA did not permit a federal cause of action, the Fifth Circuit remanded to the state court for a determination of whether there is a duty in Mississippi law which would support the plaintiff's negligence claim.  Thus, the *Till* court specifically allows for the possibility that a state law claim could exist for a failure to properly make a flood zone determination.

    However, Plaintiff has not cited any case where a court has found a lender owes a duty to his borrower to make a correct

flood zone determination.  Indeed, Defendant asserts that no such case exists.  In *Wentwood Woodside I, LP v. GMAC Commercial Mortgage Corp.*, 419 F.3d 310, 321-23 (5th Cir. 2005), the court considered a claim that GMAC was negligent for a failure to notify the borrower that the mortgaged property was situated in a flood zone.  The Fifth Circuit held that even if GMAC had an affirmative duty of notification the plaintiff could not prevail under Texas law.  The court noted that in order to maintain a negligence per se action in Texas, the plaintiff must show that he is a member of a class that is intended to be protected by the statute in question.  Under such an analysis, the Fifth Circuit noted that "[e]very single federal court to consider whether a federal private right of action arises under § 4012a has concluded that the federal treasury, not individual mortgagors . . . is the class the statute intends to protect."  *Id.* at 323.  The Fifth Circuit concluded that the Texas Supreme Court would agree, and therefore no cause of action exists for negligence per se in Texas for such a claim.  *Id.*

    Other federal courts have reached similar conclusions.  In *Lukosus v. First Tennessee Bank National Ass'n*, No. 02-84, 2003 WL 21658263 (W.D. Va. July 9, 2003), Judge Jones predicted that the Virginia Supreme Court would follow "precedent from other

6

jurisdictions and hold that no state cause of action can be based on a failure to provide the notice required by federal law." Similarly, in *Callahan v. Countrywide Home Loans, Inc.*, No. 06-105, 2006 WL 2993178 (N.D. Fla. Oct. 20, 2006), Judge Vinson considered an almost identical case regarding flooding that occurred in the wake of Hurricane Ivan.  Judge Vinson determined that allowing a state common law action to stand would implicate "serious federalism concerns," and noted that all of the courts that decided the issue have determined that the state law cause of action could not stand.

The fact that the plaintiff did not plead a violation of the NFIA or negligence per se is of no moment in this Court.  In *Callahan,* the plaintiff removed all references to NFIA in his amended complaint.  The court noted that the claims arose out of the failure to correctly determine that the property was located in a flood zone.  "The [NFIA] provides for and regulates . . . flood zone determinations to ensure that lenders comply with its flood insurance provisions.  Therefore, any duty [lender] owed to Plaintiff, either from the contract . . . or from an ordinary negligence standard, would have arisen from the [NFIA], a breach of which would violate the [NFIA].  For this reason, Plaintiff's claims are based directly on alleged violations of the [NFIA]."

7

*Id.* (quoting *Ford v. First Am. Flood Data Servs., Inc.*, No. 06-453, 2006 WL 2921432 (M.D.N.C. Oct. 11, 2006). Similarly, any alleged duty to provide the correct determination of the flood zone must arise out of the NFIA. Plaintiffs have not asserted that the duty stems from any other place in Louisiana law. *See also Barras v. Cmty. Home Loan, Inc.*, No. 06-2000, 2007 WL 165213 (W.D. La. Jan. 18, 2007)(Trimble, J.) .

Even if the action were not preempted by the NFIA, the action is most likely barred under Louisiana law. Plaintiff does assert that its cause of action is based on a claim of negligent misrepresentation, as recognized in Louisiana. In Louisiana, a cause for negligent misrepresentation requires a legal duty to provide correct information. *See McLachlan v. N.Y. Life Ins. Co.*, 488 F.3d 624, 628 (5th Cir. 2007); *Daye v. Gen. Motors Corp.*, 720 So. 2d 654, 659 (La. 1998); *Barrie v. V.P. Exterminators*, 625 So. 2d 1007, 1016 (La. 1993). The plaintiff relies on *Barrie* for the proposition that Countrywide owed a duty to plaintiff to properly determine his flood zone coverage. In *Barrie*, the court held that a termite inspector hired by a home seller owed a duty to provide correct information to the home buyer because the inspector knew that the information would be used by the buyer. On its facts, *Barrie* is inapposite to this

case.

*Barrie* and its progeny hold that for a negligent misrepresentation claim to stand, there must be a legal duty to provide correct information to the plaintiff. No such duty exists here. Both Louisiana courts and federal courts agree that a flood zone determination is undertaken for the benefit of the *lender* and not for the benefit of the borrower. *See Oliver v. Cent. Bank*, 658 So. 2d 1316, 1322 (La. App. 2 Cir. 1995)(holding that a lender purchases flood insurance for its own purposes and not for its borrower); *Wentwood Woodside I, LP v. GMAC Commercial Mortgage Co.,* 419 F.3d 310, 322 (5th Cir. 2005); *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 159 (5th Cir. 1981)("Congress was interested in protecting the lending institutions whose deposits the federal regulatory agencies insured."). Because the lender has no duty to share flood zone determination with the borrower, the Plaintiff in this case cannot assert a claim for negligent misrepresentation against his lender.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings in **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant, Countrywide Home

Loans, Inc. is **DISMISSED** from this case.

New Orleans, Louisiana this the 31st day of July, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE